TAFT *v.* STEERE and others.

*(Circuit Court, D. Rhode Island.* February 9, 1884.)

1. PATENTS—IMPROVEMENT IN LOOMS—SHUTTLE-RACE.
   The characteristic feature of the second claim, patented by letters No. 63,853, for improvements in looms, is the vertical spring adjusted over each end of the shuttle-race; and a contrivance for checking the flight of the shuttle by other means is not an infringement.
2. SAME—ADJUSTABLE NOSE-PIECE.
   The third claim of the same patent, if valid at all, is not infringed without the use of an adjustable nose-piece upon the cam.

In Equity.
*A. J. P. Joy,* for complainant.
*Eugene F. Warner* and *Walter B. Vincent,* for defendants.
Before LOWELL and COLT, JJ.
COLT, J. The complainant in his bill charges the defendants with the infringement of certain letters patent for improvements in looms, dated March 26, 1867, No. 63,853, issued to James J. Walworth and

Gustavus E. Buschick, assignees of Caspar Zwicki, the inventor. By subsequent assignments the plaintiff became the owner of the patent. The alleged infringements relate to the second and third claims. The second claim is as follows:

"In combination with the shuttle-race the springs, H, at either end, arranged over the top of the shuttle-path, and provided with means for vertical adjustment substantially as described."

The specification says:

"Above each end of the shuttle-race, E, are springs, H, each fastened to holding-pieces, *e*, on the side of the race, so that they can be adjusted in a vertical direction, and provided with a set, or thumb-screw, at *f*, for the purpose of further adjustment of the free end of said spring, H, in a vertical direction. The function of these springs, H, is to stop the shuttle gradually, and without recoil, and to keep it in its proper position on the shuttle-race to receive the blows of the picker staffs, T."

The essence of this claim is a spring, capable of vertical adjustment, over each end of the shuttle-race, to check the flight of the shuttle, and keep it in its place. The defendants do not use this. Their looms have no spring over the top of the shuttle-race, and no means of vertical adjustment. They use a piece of wood screwed on to the top of the shuttle-race, or a narrow piece of wood screwed on to the inside of the top, and the evidence goes to show that these have been in use for a period of 35 years. The side of the shuttle-box in the defendants' looms is of such shape that it operates to check the flight of the shuttle, and it also appears to be adjustable, but the important element in the plaintiff's claim is a spring on the top of the shuttle-box, capable of vertical adjustment, and this we do not find, nor any equivalent therefor, in the defendants' machine, and so there is no infringement.

The third claim is as follows:

"In combination with the picker staff of a loom, the cam, N, when provided with the adjustable piece. *o*, substantially as described."

It is not contended that Zwicki was the first to make a cam with a nose, in two pieces, instead of being solid, but the adjustable character of the nose-piece upon the cam is claimed as an improvement.

After carefully examining the evidence and exhibits, we are satisfied that the cams used by the defendants are not adjustable for any practicable purpose, that such adjustment is not attempted in their use; and that it is doubtful, at least, whether there is any utility in this feature of the patent, supposing the nose-piece to be attached to the cam exactly as shown in the model. It does not appear that any looms embodying the improvements claimed in this patent have ever been put in operation.

These conclusions dispose of the two main questions raised in this case, and we therefore deem it unnecessary to consider any others.

The bill should be dismissed.